NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0653n.06

No. 11-3252

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FRANKLIN MARDOQUERO REYES-
MALDONADO, aka Franklin M. Reyes-
Maldonado; MIRZA FRANCO-SOTO-DE
REYES; FRANKLIN REYES-FRANCO;
PAULA REYES-FRANCO,

        Petitioners,

v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

**Jun 20, 2012**

LEONARD GREEN, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE: BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; COHN, District Judge.[*]

PER CURIAM. Franklin Mardoquero Reyes-Maldonado and his wife and two children

petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal

from an immigration judge's decision denying their applications for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").

The Reyes-Maldonado family, citizens of Guatemala, entered the United States in 2007

without inspection and were placed in removal proceedings. A hearing was held before an

immigration judge ("IJ"), at which Reyes-Maldonado and his wife testified that they were retired

schoolteachers who owned a cell phone business and rental property in Guatemala. They began

---

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of
Michigan, sitting by designation.

receiving anonymous telephone calls in 2006 demanding money. By December, the calls were being made to both their business and home, threatening to kill their children if the money was not paid. On one occasion in 2007, two men came to the business, told Reyes-Maldonado's wife that they were the telephone callers, and repeated their threats. She later saw the same two men in police uniforms in a police cruiser. She reported her observations to the chief of police, who stated that he would need proof of her claims and did not offer further assistance. Reyes-Maldonado was also interviewed on the street by a television crew and answered in the negative when asked if he trusted the police. People later told him that they had seen his interview on television. The threatening callers called the family's home on one occasion and stated that they were outside. The wife reported that she looked out and saw a parked car with one man seated inside and another standing outside. The family told the callers that they would pay some money on a later date, but before that date arrived they fled the country.

The IJ concluded that the persecution alleged was not based on a protected ground, in that wealthy business owners were not a particular social group and it did not appear that the extortion demands were influenced by the family's opposition to police corruption. Moreover, the IJ concluded that the family could relocate within Guatemala to escape the threats of the corrupt policemen. The BIA adopted these conclusions and dismissed the petitioners' appeal.

We review the IJ's and BIA's findings for substantial evidence and may reverse only if the decision was "manifestly contrary to law," 8 U.S.C. § 1252(b)(4)(C), that is, if the evidence "not only supports a contrary conclusion, but indeed *compels* it," *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003) (internal quotation marks omitted).

In order to be eligible for asylum, the applicants must show that they have been persecuted or fear future persecution based on their race, religion, nationality, social group, or political opinion. *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010). In this case, both the husband and wife testified that they were targeted due to their wealthy lifestyle, and for no other reason. We have held that wealthy business owners who refuse to pay extortion demands are not a protected social group. *Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011). Counsel has therefore apparently abandoned this argument before this court, and instead argues that the persecution was based on the family's public opposition to police corruption, evidenced by the husband's television interview and the wife's visit to the police chief. However, the extortionate demands began nearly a year before either of these events, and the callers never referred to these events. Counsel argues that the threats worsened in that the callers showed up outside the house, but the wife's testimony does not make clear that she positively identified the men she saw outside her house as the same men who had threatened her earlier. While the IJ and the BIA could have inferred that there was circumstantial evidence of persecution based on political opinion, we cannot grant the petition for review unless the evidence compels the conclusion that the persecution was based on political opinion, and it does not. *See Pablo-Sanchez v. Holder*, 600 F.3d 592, 595 (6th Cir.), *cert. denied*, 131 S. Ct. 573 (2010). Moreover, the record supports the IJ's conclusion that the family could have relocated elsewhere in Guatemala to escape the threats of the corrupt policemen in their hometown. *See Abdille v. Ashcroft*, 242 F.3d 477, 496-97 (3d Cir. 2001).

In order to be entitled to withholding of removal, the applicants must show that it is more likely than not that they will be subject to persecution on return to their country. *Castellano-Chacon v. INS*, 341 F.3d 533, 545 (6th Cir. 2003). Because the burden of proof on the asylum claim was not

met, this more stringent burden for withholding of removal necessarily has not been met. *Berri v. Gonzalez*, 468 F.3d 390, 397 (6th Cir. 2006).

Finally, to be entitled to protection under the CAT, the applicants must show that it is more likely than not that they would be tortured upon return to their home country. *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001). The long uncarried-out extortion-related death and kidnapping threats against the Reyes-Maldonados do not compel the conclusion that it is more likely than not that they would be tortured upon return to Guatemala.

The petition for review is denied.